# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER RUEDA, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>ADT LLC, and DOES 1 through 100, inclusive,<br><br>            Defendant. | Case No. 2:13-CV-04956-DSF-RZ<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER:**<br><br>**(1)  AWARDING ATTORNEYS' FEES AND COSTS TO CLASS COUNSEL; AND**<br><br>**(2)  AWARDING ENHANCEMENT PAYMENT TO THE CLASS REPRESENTATIVE** |

This matter came before the Court on November 3, 2014 at 1:30 p.m., with Scott Cole & Associates, APC ("Class Counsel"), appearing as counsel for Representative Plaintiff Javier Rueda ("Plaintiff"), individually and on behalf of a putative class, and Ogletree, Deakins, Nash, Smoak & Stewart, P.C. appearing as counsel for Defendant ADT LLC ("Defendant"). The Court, having carefully considered the briefs, arguments of counsel and all matters presented to the Court and good cause appearing therefor,

**IT IS ORDERED THAT:**

1. All terms used in this Order shall have the same meaning as in the parties' Joint Stipulation and Agreement of Compromise and Settlement of Class Action ("Settlement Agreement").

2. The Court finds that Class Counsel has fairly and adequately represented and protected the interests of the Class at all times in this action.

3. The Court has reviewed the Supplemental Declaration of Molly A. Desario and finds that the proffered support for the lodestar analysis is entirely inadequate. The descriptions provided in the "Item Description" column are so vague that the Court could not possibly attempt to determine whether the time spent was reasonable. That said, the number of entries and the number of different timekeepers involved leads the Court to conclude there is a strong possibility that much of the work was duplicative and unreasonable, and would not be included in a lodestar calculation. No paying client would pay anywhere near the fee being requested here based on this type of billing. Because the Court concludes that it cannot rely on counsel's billing records to calculate the lodestar accurately, the Court need not evaluate the hourly rates proposed. The Court notes, however, that some or all of the hourly rates would not be supported by the *2013 Real Rate Report Snapshot* (*Real Rate Report*), a CEB and TyMetrix publication that identifies attorney rates by location, experience, firm size, areas of expertise, and industry, as well as the specific practice areas.[1] The Court finds this publication's analysis to be much more persuasive than other surveys, as it is based on actual legal billing, matter information, and paid and processed invoices from more than 80 companies[2] - a much better reflection of true market rates than self-reported rates in all

---

[1] The *Real Rate Report* separates litigation from other practice areas and assigns litigated matters into specific litigation practice areas.

[2] As explained in the Appendix, most of the data was taken from invoice line item entries contained in invoices received and approved by participating companies. Id. at 97. It was not taken from surveys, sampling, or reviews of other published information. Id. at 4.

practice areas as part of a national survey of top firms. *See St. Louis Police Retirement System v. Severson*, Case No. 12-CV-5086 YGR (N.D. Cal. August 11, 2014) ( relying on the *Real Rate Report*). The *Real Rate Report* advises that the "size of the law firm continued to have the largest impact on law firm rates."[3] Id. at 1. Class Counsel's firm is a small firm. A review of the appropriate categories of the *Real Rate Report* makes clear that the Court cannot calculate an accurate lodestar based on counsel's claimed rates. For the reasons previously stated, the Court need not assign an hourly rate for the many attorneys who performed services on this litigation. Suffice it to say that the lodestar does not suggest a percentage award greater than 25%. The Court finds it highly unlikely that a 25% award would result in a negative multiplier.

       4.     Therefore, the Court relies on the percentage-of the fund method to calculate the award of attorneys' fees. That calculation results in a fee in the amount of $214,929.50. That amount is approved and awarded to Class Counsel. (The Court deducts from the $900,000 Gross Settlement Amount, the amount that will be paid on account of the employer's portion of the payroll taxes. That amount provides no benefit whatever to the class and counsel should not receive 25% of it.) The Court finds that California wage and hour cases have become ubiquitous and that there is an overabundance of attorneys skilled in the field willing to take on such cases and to seek only 25% of the common fund. There is nothing particularly unique about this case and there is no justification for an award above the benchmark.

       5.     As previously stated, there is no shortage of attorneys skilled in class action litigation, especially in the Central District. Travel expenses should be awarded only when they are reasonable and necessary. *See Thornberry v. Delta*

---

[3] Relying on this *Report* may also result in a somewhat inflated market rate for plaintiff's counsel, as corporate entities are generally willing and able to pay higher fees than individual clients. However, the Court declines to take this factor into account.

*Air Lines*, 676 F.2d 1240, 1244 (9th Cir. 1982).  This Court agrees with the Tenth Circuit that travel expenses for out-of-state counsel between their offices and the city (in this case, the district) in which the litigation is conducted should not be reimbursed because there is no need to employ counsel from outside the area. *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983).  The Court also finds that the copy rate paid to attorneys pursuant to the Criminal Justice Act - .10 - is reasonable and sufficient.  Counsel has provided no justification for a higher rate.  The Court further finds that the extremely high fees for "Vendor for Filing and Serving" and the fee for teleservices is greater than necessary due to counsel's location and reduces those fees to $500 and $100, respectively.  The Court finds the other requested fees to be reasonable.  Therefore, the Court approves reduced costs in the amount of $7,607.51 as the fair and reasonable costs incurred for the benefit of the Class.

      6.     The Court finds that the Representative Plaintiff has contributed to the resolution of this case and has fairly and adequately represented and protected the interests of the Class.  Among other efforts, Plaintiff apparently produced documents, provided detailed background information about Defendant's policies and procedures and the day-to-day mechanics of Defendant's operations.  Plaintiff made himself available to Class Counsel throughout the litigation and settlement process.  Although Plaintiff suggests that he has been disciplined inappropriately as a result of his participation in this case, he provides no support for that claim.  There is also no support for his suggestion that his involvement in this litigation may be an impediment to future employment, though there is some possibility that might occur.  Plaintiff also executed a general release including a California Civil Code section 1542 waiver, which encompassed a broader set of claims than those being released by members of the Settlement Class.  However, he provides no suggestion that he has any other claims, so there appears to be no detriment to him in executing this waiver.  The description of his services is vague, and there is no

1  suggestion of the amount of time he spent in these activities.  The Court finds a
2  Class Representative Enhancement in the amount of $3,000 is sufficient.
3
4  **IT IS SO ORDERED.**
5
6  Dated:_1/14/15_____
7
8                                          By: _/s/ Dale S. Fischer_____
9                                              The Honorable Dale S. Fischer
                                                United States District Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28